IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT OKON, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>HARLEY-DAVIDSON, INC.,<br><br>    Defendant. | <br><br><br><br><br><br>TRIAL BY JURY DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Robert Okon, by his attorneys, brings this action individually and on behalf of all similarly situated persons who purchased or leased 2014 model year or newer FLHTKSE CVO Limited ("CVO Limited") motorcycles. The CVO Limited designed, manufactured, distributed, marketed, sold, and leased by Defendant, Harley-Davidson, Inc. ("H-D"). In support of his Class Action Complaint, Mr. Okon states:

### INTRODUCTION

1. This is a class action lawsuit seeking damages on behalf of a putative class for H-D's breach of its 24 month, unlimited mileage written warranty for the CVO Limited. The CVO Limited has a design defect which causes the coolant to constantly leak. The CVO Limited's engine and associated coolant systems are covered under H-D's 24 month, unlimited mileage written warranty. H-D has not repaired this design defect. Because H-D has not discovered a way to repair the design defect as it is required to do under its 24 month, unlimited mileage written warranty, H-D has breached this warranty. CVO Limited owners and lessors have been damaged because they possess a motorcycle with a design defect which cannot be repaired as required under H-D's 24 month, unlimited mileage written warranty.

1

## PARTIES

2. Mr. Okon is an Illinois citizen who resides in Bloomingdale, DuPage County, Illinois. On or about September 14, 2013, Mr. Okon purchased a new 2014 CVO Limited from Conrad's Harley-Davidson, Inc. ("Conrad's"). Conrad's is an authorized H-D dealership located in Shorewood, Illinois. Mr. Okon purchased the CVO Limited primarily for his personal, family or household purposes.

3. H-D designs, manufactures, markets, distributes, and services various models of motorcycles, including the CVO Limited. H-D is a Wisconsin corporation with its principal place of business at Milwaukee, Milwaukee County, Wisconsin.

4. The following non-party H-D authorized dealerships provided warranty-related servicing for Mr. Okon's CVO Limited: Conrad's; City Limits Harley-Davidson ("City Limits"), which is located in Palatine, Illinois; Peterson's Harley-Davidson ("Peterson's"), which is located in Miami, Florida; and Woodstock Harley-Davidson ("Woodstock Harley"), which is located in Woodstock, Illinois.

## JURISDICTION

5. This Court has subject matter jurisdiction under 15 U.S.C. § 2310(d)(1) because the amount in controversy for Mr. Okon's claim under the Magnuson-Moss Warranty Act exceeds $50,000, exclusive of interest and costs.

6. This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The number of Class Members exceeds 100, at least one Class Member resides in a state other than Wisconsin, H-D's state of incorporation and principle place of business, and the aggregated claims of the Class Members exceed the sum value of $5 million, exclusive of interest and costs.

**VENUE**

7. Venue is proper in this District under 28 U.S.C. § 1391 because H-D does substantial business in the State of Illinois and a substantial part of the events giving rise to the claims complained of herein occurred in this District.

**DEMAND FOR JURY TRIAL**

8. Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Okon demands a trial by jury of any and all issues in this action so triable of right.

**FACTUAL ALLEGATIONS**

9. In September 2013, Mr. Okon purchased a new CVO Limited for $46,006.39, inclusive of tax, options, and fees.

10. Mr. Okon's CVO Limited and all CVO Limited motorcycles purchased or leased by putative class members are covered by a 24 month, unlimited mileage written warranty provided by H-D. At all relevant times, the defective engine and coolant system of Mr. Okon's CVO Limited was covered by H-D's 24 month, unlimited mileage written warranty. Similarly, every single CVO Limited owned by putative class members is covered by H-D's 24 month, unlimited mileage written warranty as none have been owned for more than 24 months.

11. On or about September 30, 2013, shortly after purchasing the CVO Limited, coolant began to leak from in and around the engine and coolant system. After being informed about the coolant leak by Mr. Okon, Conrad's had the CVO Limited picked up and delivered to the dealership. Conrad's attempted to correct the coolant leak pursuant to H-D's 24 month, unlimited mileage written warranty and returned the CVO Limited to Mr. Okon.

12. Since September 30, 2013, Mr. Okon has returned his CVO Limited to Conrad's on two further occasions and once each to City Limits, Peterson's, and Woodstock Harley

because it constantly leaks coolant. For each of these times when Mr. Okon's CVO Limited has been brought in for repair of the coolant leak, the H-D dealerships have been unsuccessful in repairing the leak. Mr. Okon and numerous other putative class members notified H-D that each of (and collectively all) their CVO Limited motorcycles suffered from the coolant leak defect when they brought those motorcycles to a H-D authorized dealership for repair of a coolant leak.

13. Despite receiving numerous complaints and purchasing back several CVO Limited motorcycles, H-D has not been able to permanently repair the coolant leak defect present in all CVO Limited motorcycles. Therefore, H-D dealerships and repair centers have merely been providing temporary repairs such as refilling coolant levels even though H-D's 24 month, unlimited mileage written warranty requires H-D to permanently repair any defect in the CVO Limited.

## CLASS ALLEGATIONS

14. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Mr. Okon brings this claim on behalf of a putative class, consisting of all persons who purchased or leased for personal, family, or household purposes model year 2014 or newer CVO Limited motorcycles and who were unable to have the coolant leak defect repaired.

15. Pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the members of the putative class are so numerous and geographically dispersed that individual joinder of all members of the putative class is impracticable. H-D has sold hundreds (if not thousands) of CVO Limited motorcycles so Mr. Okon is confident that there are hundreds (if not thousands) of members of the putative class.

16. Pursuant to Rule 23(a)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, this action involves common questions of law and fact, which predominate over any questions affecting individual putative class members, including, but not limited to:

   a. Whether the CVO Limited is defectively designed;

   b. Whether H-D is able to repair the design defect present in the CVO Limited;

   c. Whether the CVO Limited motorcycles owned or leased by the members of the putative class are all covered by H-D's 24 month, unlimited mileage written warranty.

17. Pursuant to Rule 23(a)(3) of the Federal Rules of Civil Procedure, Mr. Okon's claims are typical of the other putative class members' claims because all members of the putative class were comparably injured through H-D's breach of its 24 month, unlimited mileage written warranty.

18. Pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure, Mr. Okon is an adequate class representative because his interests do not conflict with the interests of the other members of the putative class Mr. Okon seek to represent. In addition, Mr. Okon has retained counsel competent and experienced in complex class action litigation. Finally, Mr. Okon intends to prosecute this action vigorously and the putative class's interests will be fairly and adequately protected by Mr. Okon and his counsel.

19. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Mr. Okon and the putative class are relatively small compared to the burden and expense that would be required to individually

litigation their claims against H-D, so it would be impracticable for the members of the putative class to individually seek redress for H-D's wrongful conduct. Even if putative class members could afford individual litigation, the court system could not. Individualized litigation creates the potential for inconsistent or contradictory outcomes, and increases the delay and expense to all parties and the court system. In contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
**Breach of Express Warranty in violation of Magnuson-Moss Act, 15 U.S.C. § 2310(d)(1)**

20. Mr. Okon realleges and incorporates Paragraphs 1-13.

21. The Magnuson-Moss Warranty Act is a remedial statute designed to protect consumers from deceptive or unfair warranty practices. The Magnuson-Moss Warranty Act does not require a consumer product to be warranted. Where a warranty is provided, however, the warranty is subject to the Magnuson-Moss Warranty Act's regulatory scheme.

22. The Magnuson-Moss Warranty Act allows consumers to enforce written warranties in federal court, as provided in section 2310(d)(1).

23. H-D is a "warrantor" within the meaning of § 2301(5) of the Magnuson-Moss Warranty Act because it provided a written warranty for the CVO Limited.

24. Mr. Okon and the putative class are "consumers" within the meaning of §2301(3) of the Magnuson-Moss Warranty Act because they purchased or leased CVO Limited motorcycles for personal, family, or household purposes.

25. H-D issued warranties for the CVO Limited, which are "written warranties" within the meaning of § 2301(6) of the Magnuson-Moss Warranty Act. H-D's written warranties

provide that H-D will warrant the CVO Limited from defects for a 24 month, unlimited mileage period.

26. H-D breached its 24 month written warranty when it did not repair the defective design that causes a coolant leak in the CVO Limited as described above.

27. Mr. Okon and Class Members have been damaged by H-D's breaches of its 24 month, unlimited mileage written warranty. As a direct and proximate result of H-D's breaches of its written warranty, Mr. Okon and putative class members have and will suffer actual economic damages and aggravation and inconvenience. Individually, Mr. Okon has suffered damages in excess of $50,000.

[remainder of page intentionally left blank]

WHEREFORE, Mr. Okon respectfully requests that the Court grant the following relief:

A. Enter an order pursuant to Rule 23 of the Federal Rules of Civil Procedure permitting this Action to be maintained as a class action on behalf of the putative class, appointing Mr. Okon as the representative of the Class, and Mr. Okon' counsel as counsel for the Class;

B. Enter judgment in favor of Mr. Okon and the Class and against H-D for damages in the amount to be proven at trial, including actual economic damages and aggravation and inconvenience; and

C. Award attorneys' fees and such further relief as the Court deems proper and just.

Dated: August 28, 2014　　　　　　　　　ROBERT OKON

　　　　　　　　　　　　　　　　　　　　By: /s/ Vincent L. DiTommaso
　　　　　　　　　　　　　　　　　　　　　　One of his attorneys

Vincent L. DiTommaso
Peter S. Lubin
John Auchter
DiTommaso ♦ Lubin, P.C.
17W220 22nd Street, Suite 410
Oakbrook Terrace, Illinois 60181
(630) 333-0000
vdt@ditommasolaw.com